No. 22-50775

# United States Court of Appeals for the Fifth Circuit

---

LA UNIÓN DEL PUEBLO ENTERO; FRIENDSHIP-WEST BAPTIST CHURCH; ANTI-DEFAMATION LEAGUE AUSTIN, SOUTHWEST, AND TEXOMA; SOUTHWEST VOTER REGISTRATION EDUCATION PROJECT; TEXAS IMPACT; MEXICAN AMERICAN BAR ASSOCIATION OF TEXAS; TEXAS HISPANICS ORGANIZED FOR POLITICAL EDUCATION; JOLT ACTION; WILLIAM C. VELASQUEZ INSTITUTE; JAMES LEWIN; FIEL HOUSTON, INCORPORATED,

*Respondents-Appellees,*

v.

JANE NELSON, IN HER OFFICIAL CAPACITY AS TEXAS SECRETARY OF STATE; KEN PAXTON, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF TEXAS; STATE OF TEXAS,

*Petitioners-Appellants*

---

**Consolidated with
No. 22-50777**

---

MI FAMILIA VOTA; MARLA LOPEZ; MARLON LOPEZ,

*Respondents-Appellees,*

v.

GREGORY W. ABBOTT, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF TEXAS; JANE NELSON, IN HER OFFICIAL CAPACITY AS SECRETARY OF STATE OF TEXAS; KEN PAXTON, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF TEXAS,

*Petitioners-Appellants*

DELTA SIGMA THETA SORORITY, INCORPORATED; HOUSTON AREA URBAN LEAGUE, THE ARC OF TEXAS; JEFFREY LAMAR CLEMMONS,

*Respondents-Appellees,*

v.

GREGORY WAYNE ABBOTT, IN HIS OFFICIAL CAPACITY AS THE GOVERNOR OF TEXAS, KEN PAXTON, IN HIS OFFICIAL CAPACITY AS THE ATTORNEY GENERAL OF TEXAS,

*Petitioners-Appellants*

MI FAMILIA VOTA; MARLA LOPEZ; MARLON LOPEZ,

*Respondents-Appellees,*

v.

GREGORY W. ABBOTT, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF TEXAS;
JANE NELSON, IN HER OFFICIAL CAPACITY AS SECRETARY OF STATE OF TEXAS;
KEN PAXTON, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF TEXAS,

*Petitioners-Appellants*

**Consolidated with
No. 22-50778**

LA UNIÓN DEL PUEBLO ENTERO, ET AL.,

*Respondents-Appellees,*

v.

GREGORY W. ABBOTT, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF TEXAS,
ET AL.,

*Petitioners-Appellants*

OCA-GREATER HOUSTON; LEAGUE OF WOMEN VOTERS OF TEXAS;
REVUP-TEXAS,

*Respondents-Appellees,*

v.

JANE NELSON, IN HER OFFICIAL CAPACITY AS TEXAS SECRETARY OF STATE;
KEN PAXTON, ATTORNEY GENERAL, STATE OF TEXAS,

*Petitioners-Appellants*

Appeal from the United States District Court for the
Western District of Texas, San Antonio Division

# RESPONDENTS-APPELLEES' RESPONSE TO PETITIONERS-APPELLANTS' PETITION FOR REHEARING EN BANC

Zachary Dolling
Texas Bar No. 24105809
TEXAS CIVIL RIGHTS PROJECT
1405 Montopolis Drive
Austin, TX 78741
512-474-5073
zachary@texascivilrightsproject.org

Adriel I. Cepeda Derieux
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th St., N.W.
Washington, DC 20005
(202) 457-0800
acepedaderieux@aclu.org

Dayton Campbell-Harris
Ari Savitzky
Sophia Lin Lakin
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
(212) 284-7334
asavitzky@aclu.org
slakin@aclu.org
dcampbell-harris@aclu.org

Ashley Harris
Texas Bar No. 24123238
Thomas Buser-Clancy
Texas Bar No. 24078344
Edgar Saldivar
Texas Bar No. 24038188
Savannah Kumar
Texas Bar No. 24120098
ACLU FOUNDATION OF TEXAS, INC.
1018 Preston St.
Houston, TX 77002
(713) 942-8146
aharris@aclutx.org
tbuser-clancy@aclutx.org
esaldivar@aclutx.org
skumar@aclutx.org

Patrick Stegemoeller
ASIAN AMERICAN LEGAL DEFENSE
AND EDUCATION FUND
99 Hudson Street, 12th Floor
New York, NY 10013
(212) 966-5932
pstegemoeller@aaldef.org

*Counsel for OCA-Greater Houston,
League of Women Voters of Texas,
and REVUP-Texas*

Zachary D. Tripp
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
(202) 682-7220
zack.tripp@weil.com

Aaron J. Curtis
Charles Gehnrich
Natalie Howard
Augustus Ipsen
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8901

Sean Morales-Doyle
Jasleen K. Singh
Patrick A. Berry
BRENNAN CENTER FOR JUSTICE
AT NYU SCHOOL OF LAW
120 Broadway, Suite 1750
New York, NY 10271
(212) 463-7308

Leah J. Tulin
BRENNAN CENTER FOR JUSTICE
AT NYU SCHOOL OF LAW
777 6th Street NW
Washington, DC 20001
(202) 650-6397

*Counsel for Friendship-West
Baptist Church; Texas Impact;
James Lewin*

Nina Perales
Antonio Joseph DelGrande
MEXICAN AMERICAN LEGAL
DEFENSE AND EDUCATION FUND
110 Broadway, Suite 300
San Antonio, TX 78205
(210) 224-5476
nperales@maldef.org
adelgrande@MALDEF.org

Michael C. Keats
Rebecca L. Martin
Jason S. Kanterman
FRIED, FRANK, HARRIS, SHRIVER &
JACOBSON LLP
One New York Plaza
New York, NY 10004
(212) 589-8000
michael.keats@friedfrank.com
rebecca.martin@friedfrank.com
jason.kanterman@friedfrank.com

*Counsel for La Unión del Pueblo
Entero; Southwest Voter
Registration Education Project;
Mexican American Bar
Association of Texas; Texas
Hispanics Organized for Political
Action; JOLT Action; William C.
Velasquez Institute; Fiel Houston,
Incorporated*

Victor Genecin
Breanna Williams
Kathryn Sadasivan
NAACP Legal Defense &
Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10006
(212) 965-2200
(212) 226-7592
vgenecin@naacpldf.org
bwilliams@naacpldf.org
ksadasivan@naacpldf.org

Kelly Gardner
NAACP Legal Defense &
Educational Fund, Inc.
260 Peachtree Street NW, Ste. 2300
Atlanta, GA 30303
kgardner@naacpldf.org

Shira Wakschlag
Evan Monod
The Arc of the United States, Inc.
2000 Pennsylvania Ave NW, Ste. 500
Washington, DC 20006
(202) 534-3708
Wakschlag@thearc.org
Monod@thearc.org

J. Michael Showalter
Arentfox Schiff LLP
233 South Wacker Drive
Suite 7100
Chicago, IL 60606
(312) 258-5561
j.michael.showalter@afslaw.com

Courtney Hostetler
John Bonifaz
Ben Clements
Free Speech for People
28 S. Main St., Suite 200
Sharon MA 02067
(617) 244-0234
chostetler@freespeechforpeople.org

Bradley R. Prowant
Stoel Rives LLP
33 South Sixth St., Suite 4200
Minneapolis MN 55402
(612) 373-8860
bradley.prowant@stoel.com

*Counsel for Mi Familia Vota;
Houston Justice; Houston Area
Urban League; Delta Sigma
Theta Sorority, Inc.; The Arc of
Texas; Marla López; Marlon
López; Jeffrey Lamar
Clemmons*

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of 5th Cir. R. 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

| Respondents-Appellees | Counsel |
|---|---|
| • OCA-Greater Houston | • Zachary Dolling |
| • League of Women Voters of Texas | • Jessica Ring Amunson |
| • REVUP-Texas | • Adriel I. Cepeda Derieux |
| • Texas Organizing Project (Withdrawn) | • Dayton Campbell-Harris |
| • Workers Defense Action Fund (Withdrawn) | • Sarah Xiyi Chen |
| • Friendship-West Baptist Church | • Peter Thomas Hofer |
| • Texas Impact | • Christopher McGreal |
| • James Lewin | • Hani Mirza (Withdrawn) |
| • La Unión del Pueblo Entero | • Ashley Harris |
| • Southwest Voter Registration Education Project | • Ari Savitzky |
| • Mexican American Bar Association of Texas | • Sophia Lin Lakin |
| • Texas Hispanics Organized for Political Action | • Lisa Snead (Withdrawn) |
| • JOLT Action | • Jerry Vattamala |
| • William C. Velasquez Institute | • Patrick Stegemoeller |
| • Fiel Houston, Incorporated | • Thomas Buser-Clancy |
| • Mi Familia Vota | • Savannah Kumar |
| • Houston Justice | • Edgar Saldivar |
| • Houston Area Urban League | • Adriana Pinon |
| | • Nina Oishi |
| | • Leah Wong |
| | • Zachary D. Tripp |
| | • Aaron J. Curtis |
| | • Charles Gehnrich |
| | • Natalie Howard |

i

- Delta Sigma Theta Sorority, Inc.
- The Arc of Texas
- Marla López
- Marlon López
- Jeffrey Lamar Clemmons

- Augustus Ipsen
- Sean Morales-Doyle
- Jasleen K. Singh
- Patrick A. Berry
- Leah J. Tulin
- Nina Perales
- Antonio Joseph DelGrande
- Michael C. Keats
- Rebecca L. Martin
- Jason S. Kanterman
- Victor Genecin
- Breanna Williams
- Kathryn Sadasivan
- Kelly Gardner
- Shira Wakschlag
- Evan Monod
- J. Michael Showalter
- Courtney Hostetler
- John Bonifaz
- Ben Clements
- Bradley R. Prowant
- Texas Civil Rights Project
- American Civil Liberties Union Foundation of Texas
- Asian American Legal Defense & Education Fund
- American Civil Liberties Union
- Disability Rights Texas
- Jenner & Block LLP
- Weil, Gotshal & Manges LLP
- Brennan Center for Justice at NYU School of Law
- Mexican American Legal Defense and Education Fund
- Fried, Frank, Harris, Shriver & Jacobson LLP

- NAACP Legal Defense & Educational Fund, Inc.
- The Arc of the United States, Inc.
- Arentfox Schiff LLP
- Free Speech For People
- Stoel Rives LLP

| **Petitioners-Appellants** | **Counsel** |
|---|---|
| • Gregory W. Abbott, Governor of Texas<br>• Jane Nelson, Secretary of State of Texas<br>• State of Texas<br>• Warren K. Paxton, Attorney General of Texas | • Office of the Texas Attorney General, Solicitor General's Office |

| **Other Non-Party Interested Persons or Groups** | **Counsel** |
|---|---|
| • Harris County Republican Party<br>• Dallas County Republican Party<br>• National Republican Senatorial Committee<br>• Republican National Committee | • E. Stewart Crosland<br>• John M. Gore<br>• Stephen J. Kenny (Withdrawn)<br>• Charles E.T. Roberts (Withdrawn)<br>• Louis J. Capozzi, III (Withdrawn)<br>• Jones Day |

# TABLE OF CONTENTS

Introduction .................................................................................... 1

Argument ........................................................................................ 2

   I.   The Panel Opinion Does Not Implicate Any Intra-Circuit Split ...... 3

   II.  The Petition Asks this Court to Make New Law that Conflicts
       with Supreme Court and Fifth Circuit Precedent ............................ 5

   III. The Panel Properly Held that the *Young* Exception Applies ......... 13

Conclusion ...................................................................................... 17

Certificate of Compliance ............................................................... 21

Certificate of Service ...................................................................... 22

**TABLE OF AUTHORITIES**

**Cases**                                                           **Page(s)**

*In re Abbott,*
956 F.3d 696 (5th Cir. 2020), *cert. granted and judgment vacated,* 141 S. Ct. 1261 (2021) ............................................... 12

*Air Evac EMS, Inc. v. Tex. Dep't of Ins.,*
851 F.3d 507 (5th Cir. 2017) ............................................. 5, 8

*Book People, Inc. v. Wong,*
91 F.4th 318 (5th Cir. 2024), *reh'g en banc denied,* 98 F.4th 657 (5th Cir. 2024) ............................................................. 8

*Bost v. Ill. State Bd. of Elections,*
146 S. Ct. 513 (2026) ....................................................... 10

*Doe v. DeWine,*
910 F.3d 842 (6th Cir. 2018) ............................................. 9

*eBay Inc. v. MercExchange, LLC,*
547 U.S. 388 (2006) ......................................................... 11

*Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.,*
528 U.S. 167 (2000) ......................................................... 10

*Grizzle v. Kemp,*
634 F.3d 1314 (11th Cir. 2011) ......................................... 9

*Healthy Vision Ass'n v. Abbott,*
138 F.4th 385 (5th Cir. 2025) ........................................... 9

*Kitchen v. Herbert,*
755 F.3d 1193 (10th Cir. 2014) ......................................... 9

*La Unión del Pueblo Entero v. Nelson (LUPE),*
163 F.4th 239 (5th Cir. 2025) .................................... *passim*

*Mi Familia Vota v. Abbott,*
977 F.3d 461 (5th Cir. 2020) ........................................... 12

*Mi Familia Vota v. Ogg,*
105 F.4th 313 (5th Cir. 2024) ........................................... 4

*Mirabelli v. Bonta,*
2026 WL 44874 (9th Cir. Jan. 5, 2026), *application to vacate stay filed,* No. 25A810 (U.S. Jan. 13, 2026) ............................. 10

*NRA v. Vullo,*
602 U.S. 175 (2024) ............................................................ 9

*Pennhurst State Sch. & Hosp. v. Halderman,*
465 U.S. 89 (1984) ............................................................ 6

*Pierce v. Soc'y of the Sisters,*
268 U.S. 510 (1925) ....................................................... 1, 7

*Tex. All. for Retired Ams. v. Scott (TARA),*
28 F.4th 669 (5th Cir. 2022) ..................................... 3, 16, 17

*Tex. Democratic Party v. Hughs (TDP III),*
860 F. App'x 874 (5th Cir. 2021) ...................................... 12

*Truax v. Raich,*
239 U.S. 33 (1915) ...................................................... *passim*

*Trump v. CASA, Inc.,*
606 U.S. 831 (2025) ......................................................... 11

*United States v. Abbott,*
85 F.4th 328 (5th Cir. 2023) ............................................ 12

*Va. Off. for Prot. & Advoc. v. Stewart (VOPA),*
563 U.S. 247 (2011) ...................................................... 6, 10

## Other Authorities

Ann Woolhandler & Caleb Nelson, *Does History Defeat
Standing Doctrine?*, 102 Mich. L. Rev. 689, 695 (2004) ...................... 10

Fed. R. App. P. 32 ............................................................ 21

Fed. R. App. P. 40 ..................................................... 1, 2, 19

William Baude & Samuel L. Bray, *Proper Parties, Proper
Relief*, 137 Harv. L. Rev. 153, 155 (2023) ............................................. 10

## INTRODUCTION

The Texas Secretary of State and Attorney General ask this Court to grant rehearing en banc to hold that the *Ex parte Young* exception applies only when a defendant directly enforces a challenged policy against the plaintiffs and that enforcement through third parties is insufficient—even when it injures the plaintiffs. Respondents respectfully submit that en banc review is not warranted because this proposed directness requirement is contrary to decisions of the Supreme Court as well as this Court and other courts of appeals. *E.g.*, *Pierce v. Soc'y of the Sisters*, 268 U.S. 510 (1925); *Truax v. Raich*, 239 U.S. 33 (1915). Indeed, *Ex parte Young* itself is premised on the fundamental principle that an unconstitutional act does not "impart to the [defendant] official immunity." 209 U.S. 123, 167 (1908). And the mere fact that multiple officials may enforce an unlawful statute—or that a state official may enforce it through third parties—does not change the central fact that the state official is violating federal law.

Because their proposed new legal rule is contrary to a long line of Supreme Court and Fifth Circuit cases, Petitioners cannot show that the panel decision conflicts with any Supreme Court or Fifth Circuit precedent. *See* Fed. R. App. P. 40(b)(2). Nor do Petitioners identify any "questions of exceptional importance" in this appeal that would otherwise warrant further review. *See id*. Rather, the panel faithfully applied the

1

established three guideposts from this Court's *Young* cases in assessing whether Petitioners had the requisite enforcement connection to the specific statutory provisions at issue.

Petitioners suggest there is a lack of clarity in Fifth Circuit caselaw interpreting *Young* as to whether a state official must be specially charged with enforcing the statute. But even if there were such confusion, the question of whether a defendant state official must be "specially charged" with enforcement is distinct from the "directness" question upon which Petitioners actually seek review. Imposing a novel "directness" requirement for *Young* would not clear up the confusion that Petitioners identify in the law. And because Supreme Court caselaw already answers the question for which Petitioners seek review, the Court should deny the petition.

## ARGUMENT

"[R]ehearing en banc is not favored." Fed. R. App. P. 40(a). It is an "extraordinary procedure" reserved for correcting "error[s] of exceptional public importance" and opinions that "directly conflict[] with prior Supreme Court, Fifth Circuit or state law precedent." 5th Cir. I.O.P. 40; *accord* Fed. R. App. P. 40(b)(2). Petitioners do not satisfy this demanding standard. The portions of the panel decision they challenge do not contain errors of exceptional importance (or any errors at all) and do not conflict with any Supreme Court or Fifth Circuit precedent. They simply apply the

same *Young* framework that has been widely adopted in this Circuit, *see, e.g.*, *Tex. All. for Retired Ams. v. Scott* (*TARA*), 28 F.4th 669, 672 (5th Cir. 2022), and conclude that, as to certain provisions of S.B.1, Petitioners have "some connection with the enforcement of the act" as *Young* requires, 209 U.S. at 157.

## I. The Panel Opinion Does Not Implicate Any Intra-Circuit Split

There is an important disconnect between the issue on which Petitioners seek review and their claims of confusion in this Court's caselaw. Petitioners seek review of whether a plaintiff may rely on *Young* "when the state-official defendant cannot enforce the challenged provisions against the plaintiff but only against third parties not before the Court." Pet. 3. But they do not identify any confusion—let alone an intra- or inter-circuit split—on that question. Instead, they assert there is confusion in this Court's cases over a very different question, namely whether "a state official must be 'specially charged with the duty to enforce the statute in order for a plaintiff to satisfy *Ex parte Young*.'" *Id.* at 1. Any confusion in this Court's caselaw on that question cannot support granting review of the separate "directness" question Petitioners actually advance. And this case would be a poor vehicle to resolve the confusion Petitioners identify.

Petitioners argue the Court "has 'not outlined a clear test for when a state official is sufficiently connected to the enforcement of a state law.'"

*Id.* at 8. But the panel did not choose between competing formulations of the "some connection" test. It applied the same three "guideposts" this Court has used repeatedly over the past twenty-five years. *La Unión del Pueblo Entero v. Nelson* (*LUPE*), 163 F.4th 239, 257 (5th Cir. 2025).

Those guideposts trace back to *Okpalobi v. Foster*, where a plurality of the en banc Court explained that *Young* requires a state official to have a "particular duty to enforce the statute in question and a demonstrated willingness to exercise that duty." 244 F.3d 405, 416 (5th Cir. 2001) (en banc) (plurality op.). Subsequent panels have distilled that reasoning into three considerations: whether the official (1) has "a particular duty to enforce the statute," (2) has "a demonstrated willingness to exercise that duty," and (3) "through her conduct, compel[s] or constrain[s persons] to obey the challenged law." *Mi Familia Vota v. Ogg*, 105 F.4th 313, 325 (5th Cir. 2024) (citation modified).[1]

Petitioners do not dispute that the panel applied those guideposts, nor do they challenge the guideposts themselves. To the contrary, they recognize that the guideposts demand a "rigorous showing" and "a tighter connection between the state official and the challenged law" than other formulations. Pet. 2, 9.

---

[1] Petitioners suggest *Texas Democratic Party v. Abbott* (*TDP II*) applied a lower standard, but that decision still applied those same three guideposts. 978 F.3d 168, 179 (5th Cir. 2020).

The panel's application of those guideposts to the enforcement regimes for the particular Texas-law provisions at issue here is not a question of exceptional importance—it is a case-specific matter that the panel properly resolved by applying existing law. *See infra* Part III. Different states structure the enforcement of different laws in a wide variety of ways. And "the *Ex parte Young* analysis turns on … context—including the challenged state law and defendants—to determine whether the state officer, by virtue of his office, has some connection with the enforcement of the act." *Air Evac EMS, Inc. v. Tex. Dep't of Ins.*, 851 F.3d 507, 519 (5th Cir. 2017) (citation modified). The panel's application of settled Circuit precedent to the circumstances here does not warrant further review.

## II. The Petition Asks this Court to Make New Law that Conflicts with Supreme Court and Fifth Circuit Precedent

Petitioners seek en banc review of whether the defendant's enforcement of a statute must run directly "against the plaintiffs" to satisfy *Young*. Pet. 2, 10-14. But there is no intra- or inter-circuit split on that question. Rather, Respondents respectfully submit that existing law forecloses Petitioners' proposed rule.

*Young* requires "*some* connection" between the state official and enforcement of the statute—not a *direct* connection between the official's enforcement and the plaintiffs. 209 U.S. at 157 (emphasis added). As the Supreme Court explained, an official enforcing an unconstitutional law is

"stripped of his official or representative character" and loses sovereign immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102 (1984) (citation omitted). That logic turns on the nature of the challenged law and the defendant's connection to it, not the plaintiff's identity. Accordingly, "there is no warrant … for making the validity of an *Ex parte Young* action turn on the identity of the plaintiff." *Va. Off. for Prot. & Advoc. v. Stewart* (*VOPA*), 563 U.S. 247, 256 (2011).

The Supreme Court has repeatedly allowed claims against state officials who could only enforce laws against third parties and not the plaintiffs themselves. In *Truax v. Raich*, for example, a worker sued the Arizona Attorney General to enjoin enforcement of a law criminalizing the employment of workforces with "less than 80 per cent qualified electors or native-born citizens." 239 U.S. at 40. The defendants raised a directness argument: they argued "that the servant cannot complain for the master, and that it is the master who is subject to prosecution, and not the complainant." *Id.* at 38. The Supreme Court squarely rejected the argument. It observed that the plaintiff's "discharge … will be solely for the purpose of meeting the requirements of the act and avoiding threatened prosecution under its provisions." *Id.* at 38-39. The Court thus found it "idle to call the injury indirect or remote" because "unless the enforcement of the act is restrained the complainant will have no adequate remedy." *Id.* at 39. The

Court accordingly concluded that "the case falls within the class in which, if the unconstitutionality of the act is shown, equitable relief may be had." *Id.* It also explained that "[w]hatever doubt existed in this class of cases was removed by the decision in *Ex parte Young.*" *Id.* at 37.

Similarly, in *Pierce v. Society of the Sisters*, parochial schools sued state officials over a law that imposed criminal penalties on parents and guardians who failed to send children to public school. 268 U.S. at 530 n.1. The Supreme Court acknowledged the plaintiff corporations could not "claim for themselves the liberty which the Fourteenth Amendment guarantees." *Id.* at 535. Nevertheless, it allowed the schools' suit because enforcement against parents still "threatened" the schools' "destruction through the unwarranted compulsion which appellants are exercising over present and prospective patrons." *Id.*

Petitioners' proposed directness rule is contrary to those decisions. Their directness requirement would allow lawsuits only by parents or guardians in *Pierce*—not the schools—and only by employers in *Truax*—not the workers. The Supreme Court reached a contrary result each time.

Even *Young* itself might have come out differently under Petitioners' theory. In *Young*, shareholders of railway companies sued the Minnesota Attorney General to stop him from enforcing rate laws against the railway companies. *Young*, 209 U.S. at 129. The Court allowed the suit, holding

that sovereign immunity was "not interfered with by an injunction … restrain[ing] the state officer from … enforc[ing] an unconstitutional enactment, to the injury of [the shareholders]." *Id.* at 159-60. And the Court reached that conclusion even though the Attorney General enforced the laws against the railroads, not the individual shareholders. *Id.* at 133-34.[2] To the extent the Attorney General's actions could be construed as direct enforcement, it was by operation of a legal fiction that allowed the plaintiffs to sue on the companies' behalf. But the parties who actually sued— the shareholders—were not in actuality the immediate subject of the Attorney General's enforcement; their injury was based on the resulting indirect reduction in the value of their shares. *Id.* at 133-34.

Consistent with Supreme Court precedent, this Court and its sister circuits have repeatedly allowed constitutional challenges where state officials are connected to enforcement only through third parties. *See, e.g.*, *Book People, Inc. v. Wong*, 91 F.4th 318, 335-36 (5th Cir. 2024) (sufficient connection where enforcement operated through school districts, not plaintiffs), *reh'g en banc denied*, 98 F.4th 657 (5th Cir. 2024); *Air Evac*, 851 F.3d at 519 (sufficient connection where officials enforced through insurance companies); *TDP II*, 978 F.3d at 179-80 (sufficient connection where

---

[2] The statute also imposed penalties on "any officer, director, or such agent or employee of any such railroad company." 209 U.S. at 128. But the plaintiffs were not officers, directors, agents, or employees. *Id.*

official designs forms that local officials must use); *Healthy Vision Ass'n v. Abbott*, 138 F.4th 385, 400 (5th Cir. 2025) ("[Defendants] say only [plaintiff insurance provider] is regulated by the challenged legislation …. But we have already noted that the plaintiff's identity is not our focus under *Ex parte Young*."); *Doe v. DeWine*, 910 F.3d 842, 848 (6th Cir. 2018) ("Defendants' lack of direct criminal enforcement authority does not foreclose Doe's reliance on *Ex parte Young*"); *Grizzle v. Kemp*, 634 F.3d 1314, 1319 (11th Cir. 2011) (sufficient connection where official could not "directly qualify or challenge candidates" but had "the power and the duty to ensure that the entities charged with those responsibilities comply with Georgia's election code in carrying out those tasks"); *Kitchen v. Herbert*, 755 F.3d 1193, 1204 (10th Cir. 2014) ("[T]he Governor's and the Attorney General's actual exercise of supervisory power and their authority to compel compliance from county clerks and other officials provide the requisite nexus between them and [the challenged law].").

Petitioners' proposed rule would also bar suits against state officials in many other contexts. It would prevent the NRA from suing to enjoin state officials who "threaten[ed] enforcement actions against [state] entities that refused to disassociate from … gun-promotion advocacy groups." *See NRA v. Vullo*, 602 U.S. 175, 180-81 (2024). It would prevent parents from suing to enjoin enforcement of a law prohibiting teachers from

disclosing students' gender identities to their parents. *See Mirabelli v. Bonta*, 2026 WL 44874, at \*1 (9th Cir. Jan. 5, 2026), *application to vacate stay filed*, No. 25A810 (U.S. Jan. 13, 2026). And it would prevent candidates from challenging laws requiring local election officials to "count[] mail-in ballots received after election day." *See Bost v. Ill. State Bd. of Elections*, 146 S. Ct. 513, 518 (2026). But that is not the law. The "general criterion" for determining whether "a suit is in fact against the sovereign is the *effect* of the relief sought, not who is bringing the lawsuit." *VOPA*, 563 U.S. at 256 (citation modified).

Petitioners argue the panel's decision amounts to "a writ of erasure" that allows "a suit against the purportedly unconstitutional statute itself." Pet. 14. That is incorrect because it overlooks other safeguards that prevent plaintiffs from obtaining injunctions when there is no connection between the defendant and the plaintiffs. Article III requires a connection between the defendant's enforcement and the plaintiff because it requires the plaintiff to suffer an actual or imminent injury in fact that is "fairly traceable to the challenged action *of the defendant*" and redressable by the injunction they seek. *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000) (emphasis added).[3] A plaintiff

---

[3] *See also* William Baude & Samuel L. Bray, *Proper Parties, Proper Relief*, 137 Harv. L. Rev. 153, 155 (2023) ("Article III requires the proper parties, seeking proper relief."); Ann Woolhandler & Caleb Nelson, *Does History*

seeking an injunction also must satisfy the traditional injunction factors, including the requirement that it will suffer irreparable injury as a result of the defendant's challenged action. *See, e.g.*, *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006). And a single plaintiff cannot obtain a universal injunction. *See Trump v. CASA, Inc.*, 606 U.S. 831, 837 (2025). These requirements preclude lawsuits where there is zero connection between the defendant's enforcement of the law and the plaintiff's injury.

Petitioners assert that the panel's decision is "inconsistent with this Court's precedent" because "it is not enough that the state official was merely the but-for cause of the problem that is at issue in the lawsuit." Pet. 12 (citation omitted). But the panel applied this Court's three-part test, not a mere but-for-cause rule. And although but-for causation alone may be insufficient, that does not mean the defendant must take enforcement action directly against the plaintiff. As *Truax* explains, a complainant's injury is not "indirect or remote" simply because a third party is "subject to prosecution, and not the complainant." 239 U.S. at 38-39.

Moreover, the cases Petitioners cite on this point all involved situations where state officials either had no actual authority to enforce the challenged laws against anyone, or demonstrated no willingness to enforce

_____

*Defeat Standing Doctrine?*, 102 Mich. L. Rev. 689, 695 (2004) ("The concept of proper parties is central to standing doctrine ….").

them. In both *United States v. Abbott* and *Mi Familia Vota v. Abbott*, the Governor issued executive orders that tasked *other* government officials or agencies with enforcing the challenged policies, but the Governor had no personal involvement in enforcement.[4] And in Petitioners' other cases— *TDP II*, *TDP III*, and *In re Abbott*—the state officials made public statements warning people to adhere to the challenged laws, but never expressed any intention of enforcing the laws themselves.[5]

Those cases are a far cry from this one. Petitioners are directly charged with enforcing the provisions of S.B.1 at issue, they have demonstrated willingness to enforce S.B.1, and their enforcement injures plaintiffs. *E.g.*, *LUPE*, 163 F.4th at 260 (Secretary's "office 'ha[d] already begun' … 'identify[ing] potential non-U.S. citizen voters,' and directing the voter registrars to 'to take action to verify the eligibility of registered voters'"); *id.* at 272 ("[T]he Attorney General's press release explained specific steps

---

[4] *United States v. Abbott*, 85 F.4th 328, 335 (5th Cir. 2023) ("GA-37 tasks DPS alone 'with enforcing the challenged law[.]'") (citation omitted); *Mi Familia Vota v. Abbott*, 977 F.3d 461, 467 (5th Cir. 2020) ("Governor of Texas has no connection, statutory or otherwise, to the enforcement[.]").

[5] *TDP II*, 978 F.3d at 181 (Attorney General's letter to election officials "did not make a specific threat or indicate that enforcement was forthcoming"); *Tex. Democratic Party v. Hughs* (*TDP III*), 860 F. App'x 874, 878-79 (5th Cir. 2021) (Secretary of State's press release did not contain any specific threat of enforcement); *In re Abbott,* 956 F.3d 696, 709 (5th Cir. 2020) (Attorney General's press release "did not even threaten to enforce" the executive order at issue), *cert. granted and judgment vacated*, 141 S. Ct. 1261 (2021).

he was taking to enforce provisions of the Texas Election Code."); *id.* at 275 (holding Plaintiffs' injuries are traceable to Petitioners' actions).

Petitioners ask the en banc Court to adopt a new rule of law that is foreclosed by Supreme Court precedent and contrary to the decisions of this Court and its sister circuits. That is not a proper basis for en banc review.

## III. The Panel Properly Held that the *Young* Exception Applies

Applying this Court's precedents, the panel correctly held that Petitioners have "some connection" to the enforcement of certain provisions of S.B.1. *LUPE*, 163 F.4th at 258-62, 269-72. Those case-specific determinations are consistent with Supreme Court and Fifth Circuit precedent and do not warrant further review.

*First*, the panel correctly held that the Secretary has some connection to the enforcement of "S.B.1 §§ 2.05, 2.06, and 2.07, which operationalize the Secretary's duty to sanction voter registrars who fail to comply with the rules and provisions on updating voter registration lists." *Id.* at 258. The panel was also correct in holding the Attorney General has some connection to the enforcement of Section 2.06, which "imposes *civil* penalties and authorizes the Attorney General to sue to recover those penalties" when voter registrars do not comply with requirements regarding voter roll maintenance. *Id.* at 270.

Petitioners do not dispute they have some connection to the enforcement of these provisions. They instead contend their connection to enforcement is irrelevant because they can only "enforce those laws against third-party local election officials who might in turn enforce the challenged laws against Plaintiffs." Pet. 11. But as discussed above, courts consistently allow claims to proceed under *Young* where there is a sufficient enforcement connection, even when the defendants did not enforce the challenged laws directly against the plaintiffs.

Moreover, as the panel observed, "the Secretary's role in the process of purging voter registration rolls is direct." *LUPE*, 163 F.4th at 259. In fact, "[t]he Secretary plays the central role under state law of notifying registrars of those whose names should be removed from voter registration lists." *Id.* Likewise, S.B.1 expressly states that "[t]he attorney general may bring an action to recover a civil penalty imposed under this section." *Id.* at 270 (quoting Tex. Elec. Code § 18.065(f)). "That others also play a part in enforcement does not erase the Attorney General's role in enforcing state laws through the imposition of civil penalties on local officials who refuse to carry out their obligations." *Id.* The panel also emphasized that the Attorney General's enforcement of this provision "adversely impacts members of at least one plaintiff." *Id.* Petitioners are thus directly involved in enforcing these provisions of S.B.1 and causing plaintiffs' members to

14

be wrongfully removed from voter rolls, making this a particularly poor vehicle for considering any directness requirement.

*Second*, the panel correctly held the Secretary has some connection to the enforcement of Sections 5.01,[6] 5.02, 5.03, 5.08, 5.10, and 5.13, which "create new requirements for early voting and mail-in ballots," and Sections 4.12, 6.01, 6.03, 6.05, and 6.07, which "create new obligations for people delivering ballots or assisting voters." *Id.* at 260. The panel explained that "[t]he Secretary prescribes the forms that local officials must provide, and the recipients of the forms are expected to fill them out." *Id.* at 261. Therefore, "the Secretary has the authority to compel or constrain local officials to enforce the requirements of S.B.1 based on actions she takes as to the … form[s]." *Id.* at 262 (citation modified).

Petitioners argue this ruling "conflicts with other precedents of this Court, because it reflects the kind of but-for causation analysis that other panels have rejected." Pet. 13. As discussed above, however, *Young* does not require the defendant to take enforcement action directly against the plaintiff. *See, e.g., Truax*, 239 U.S. at 38-39. And at any rate, "the recipients of the forms"—including Respondents' members—"are expected to fill … out" the forms the Secretary creates. *LUPE*, 163 F.4th at 261. That is a

---

[6] Respondents dismissed their claims challenging Section 5.01, so there is no longer a live case or controversy with respect to that provision.

direct connection, which further highlights that this appeal is a poor vehicle for addressing the issue Petitioners seek to advance.

Petitioners argue that "merely preventing the Secretary from designing the forms would not relieve local election officials of their independent legal obligations under the Election Code to, for example, maintain voter rolls and apply early-voting requirements." Pet. 13. The panel correctly rejected this argument, explaining that "[b]ecause local authorities are required to use the Secretary's … form[s] outside of emergency situations, … the Secretary has the authority to compel or constrain local officials based on actions she takes as to the … form[s]." *LUPE*, 163 F.4th at 261 (quoting *TDP II*, 978 F.3d at 180). The fact that "some duties" pertaining to enforcement "f[all] on other officials" does not erase the Secretary's role in enforcing S.B.1. *Id.* (same).

For similar reasons, Petitioners' reliance on *Richardson v. Flores* and *TARA* is misplaced. In *Richardson*, the Court held that "enjoining the Secretary to change the balloting forms 'would not afford the [p]laintiffs the relief that they seek'" because plaintiffs "challenge[d] the processes of verifying mail-in ballots and notifying voters," not "the design or content of the forms associated with mail-in balloting." 28 F.4th 649, 654 (5th Cir. 2022). In contrast, Plaintiffs challenge the content of the forms, which the Secretary creates and disseminates to local officials pursuant to S.B.1.

*LUPE*, 163 F.4th at 251, 261. And in *TARA*, the plaintiffs were unable to show "local election officials were *required* to use the Secretary's form." 28 F.4th at 673. But here, as in *TDP II*, the panel observed that "local authorities are required to use the Secretary's … form[s]." *LUPE*, 163 F.4th at 261 (quoting *TDP II*, 978 F.3d at 180). The Secretary thus has some connection to enforcement.

In short, the panel applied this Court's caselaw and correctly concluded that Petitioners had some connection to the enforcement of certain S.B.1 provisions.

## CONCLUSION

The Court should deny the petition for rehearing en banc.

Respectfully submitted,

/s/ Ashley Harris

Zachary Dolling
Texas Bar No. 24105809
TEXAS CIVIL RIGHTS PROJECT
1405 Montopolis Drive
Austin, TX 78741
512-474-5073
zachary@texascivilrightsproject.org

Adriel I. Cepeda Derieux
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th St., N.W.
Washington, DC 20005
(202) 457-0800
acepedaderieux@aclu.org

Dayton Campbell-Harris
Ari Savitzky
Sophia Lin Lakin
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
(212) 284-7334
asavitzky@aclu.org
slakin@aclu.org
dcampbell-harris@aclu.org

Ashley Harris
Texas Bar No. 24123238
Thomas Buser-Clancy
Texas Bar No. 24078344
Edgar Saldivar
Texas Bar No. 24038188
Savannah Kumar
Texas Bar No. 24120098
ACLU FOUNDATION OF TEXAS, INC.
1018 Preston St.
Houston, TX 77002
(713) 942-8146
aharris@aclutx.org
tbuser-clancy@aclutx.org
esaldivar@aclutx.org
skumar@aclutx.org

Patrick Stegemoeller
ASIAN AMERICAN LEGAL DEFENSE
AND EDUCATION FUND
99 Hudson Street, 12th Floor
New York, NY 10013
(212) 966-5932
pstegemoeller@aaldef.org

*Counsel for OCA-Greater Houston,
League of Women Voters of Texas, and
REVUP-Texas*

/s/ Zachary D. Tripp
Zachary D. Tripp
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
(202) 682-7220
zack.tripp@weil.com

Aaron J. Curtis
Charles Gehnrich
Natalie Howard
Augustus Ipsen
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8901

Sean Morales-Doyle
Jasleen K. Singh
Patrick A. Berry
BRENNAN CENTER FOR JUSTICE AT
NYU SCHOOL OF LAW
120 Broadway, Suite 1750
New York, NY 10271
(212) 463-7308

Leah J. Tulin
BRENNAN CENTER FOR JUSTICE AT
NYU SCHOOL OF LAW
777 6th Street NW
Washington, DC 20001
(202) 650-6397

*Counsel for Friendship-West Baptist Church; Texas Impact; James Lewin*

/s/ Nina Perales
Nina Perales
Antonio Joseph DelGrande
MEXICAN AMERICAN LEGAL DEFENSE
AND EDUCATION FUND
110 Broadway, Suite 300
San Antonio, TX 78205
(210) 224-5476
nperales@maldef.org
adelgrande@MALDEF.org

Michael C. Keats
Rebecca L. Martin
Jason S. Kanterman
FRIED, FRANK, HARRIS, SHRIVER &
JACOBSON LLP
One New York Plaza
New York, NY 10004
(212) 589-8000
michael.keats@friedfrank.com
rebecca.martin@friedfrank.com
jason.kanterman@friedfrank.com

*Counsel for La Unión del Pueblo Entero; Southwest Voter Registration Education Project; Mexican American Bar Association of Texas; Texas Hispanics Organized for Political Action; JOLT Action; William C. Velasquez Institute; Fiel Houston, Incorporated*

*/s/ Victor Genecin*

Victor Genecin
Breanna Williams
Kathryn Sadasivan
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006
(212) 965-2200
(212) 226-7592
vgenecin@naacpldf.org
bwilliams@naacpldf.org
ksadasivan@naacpldf.org

Kelly Gardner
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
260 Peachtree Street NW, Ste. 2300
Atlanta, GA 30303
kgardner@naacpldf.org

Shira Wakschlag
Evan Monod
THE ARC OF THE UNITED STATES, INC.
2000 Pennsylvania Ave NW, Ste. 500
Washington, DC 20006
(202) 534-3708
Wakschlag@thearc.org
Monod@thearc.org

J. Michael Showalter
ARENTFOX SCHIFF LLP
233 South Wacker Drive
Suite 7100
Chicago, IL 60606
(312) 258-5561
j.michael.showalter@afslaw.com

Courtney Hostetler
John Bonifaz
Ben Clements
FREE SPEECH FOR PEOPLE
28 S. Main St., Suite 200
Sharon MA 02067
(617) 244-0234
chostetler@freespeechforpeople.org

Bradley R. Prowant
STOEL RIVES LLP
33 South Sixth St., Suite 4200
Minneapolis MN 55402
(612) 373-8860
bradley.prowant@stoel.com

*Counsel for Mi Familia Vota;
Houston Justice; Houston Area
Urban League; Delta Sigma
Theta Sorority, Inc.; The Arc of
Texas; Marla López; Marlon
López; Jeffrey Lamar
Clemmons*

March 2, 2026

# CERTIFICATE OF COMPLIANCE

The undersigned counsel of record certifies pursuant to Fed. R. App. P. 32(g) that the Brief complies with the type-volume limitation of Fed. R. App. P. 40(d)(3)(A) because, excluding the parts of the Brief exempted by Fed. R. App. P. 32(f), this document contains 3,897 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Century Schoolbook font in 14-point size.

*/s/ Zachary D. Tripp*

Zachary D. Tripp
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
(202) 682-7220
zack.tripp@weil.com

March 2, 2026

# CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2026, I electronically filed the fore-going with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

/s/ *Zachary D. Tripp*

Zachary D. Tripp
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
(202) 682-7220
zack.tripp@weil.com

March 2, 2026