# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 1, 2026

Lyle W. Cayce
Clerk

————————

No. 22-50775

————————

LA UNION DEL PUEBLO ENTERO; FRIENDSHIP-WEST BAPTIST CHURCH; ANTI-DEFAMATION LEAGUE AUSTIN, SOUTHWEST, and TEXOMA; SOUTHWEST VOTER REGISTRATION EDUCATION PROJECT; TEXAS IMPACT; MEXICAN AMERICAN BAR ASSOCIATION OF TEXAS; TEXAS HISPANICS ORGANIZED FOR POLITICAL EDUCATION; JOLT ACTION; WILLIAM C. VELASQUEZ INSTITUTE; JAMES LEWIN; FIEL HOUSTON, INCORPORATED,

*Plaintiffs—Appellees*,

*versus*

JANE NELSON, *in her official capacity as Texas Secretary of State*; KEN PAXTON, *in his official capacity as Attorney General of Texas*; STATE OF TEXAS,

*Defendants—Appellants*,

————————

CONSOLIDATED WITH
No. 22-50777

————————

MI FAMILIA VOTA; MARLA LOPEZ; MARLON LOPEZ; PAUL RUTLEDGE,

*Plaintiffs—Appellees*,

*versus*

Gregory W. Abbott, *in his official capacity as Governor of Texas*; Jane Nelson, *in her official capacity as Secretary of State of Texas*; Ken Paxton In His Official Capacity as Attorney General of Texas,

*Defendants—Appellants,*

_____

Delta Sigma Theta Sorority, Incorporated; Houston Area Urban League, The Arc of Texas; Jeffrey Lamar Clemmons,

*Plaintiffs—Appellees,*

*versus*

Gregory Wayne Abbott, *in his official capacity as the Governor of Texas*; Ken Paxton, *in his official capacity as the Attorney General of Texas,*

*Defendants—Appellants,*

_____

Mi Familia Vota; Marla Lopez; Marlon Lopez; Paul Rutledge,

*Plaintiffs—Appellees,*

*versus*

GREG ABBOTT, *in his official capacity as Governor of Texas*; JANE NELSON, *in her official capacity as Texas Secretary of State*; KEN PAXTON, *in his official capacity as Attorney General of Texas*,

*Defendants—Appellants*,

————————

CONSOLIDATED WITH
No. 22-50778

————————

LA UNION DEL PUEBLO ENTERO; ET AL.,

*Plaintiffs*,

*versus*

GREGORY W. ABBOTT, *in his official capacity as Governor of Texas*; ET AL.,

*Defendants*,

————————

OCA-GREATER HOUSTON; LEAGUE OF WOMEN VOTERS OF TEXAS; REVUP-TEXAS,

*Plaintiffs—Appellees*,

*versus*

JANE NELSON, *in her official capacity as Texas Secretary of State*; KEN PAXTON, *Attorney General, State of Texas*,

*Defendants—Appellants*.

---

Appeals from the United States District Court
for the Western District of Texas
USDC Nos. 5:21-CV-844,
5:21-CV-848, 5:21-CV-920

---

ON PETITION FOR REHEARING EN BANC

Before RICHMAN, SOUTHWICK, and OLDHAM, *Circuit Judges*.

PER CURIAM:

Treating the petition for rehearing en banc as a petition for panel rehearing (5TH CIR. R.40 I.O.P.), the petition for panel rehearing is DENIED. The petition for rehearing en banc is DENIED because, at the request of one of its members, the court was polled, and a majority did not vote in favor of rehearing (FED. R. APP. P.40 and 5TH CIR. R.40).

In the en banc poll, eight judges voted in favor of rehearing, JUDGES JONES, SMITH, WILLETT, HO, DUNCAN, ENGELHARDT, OLDHAM, and WILSON, and nine voted against rehearing, CHIEF JUDGE ELROD, and JUDGES STEWART, RICHMAN, SOUTHWICK, HAYNES, GRAVES, HIGGINSON, DOUGLAS, and RAMIREZ.

Andrew S. Oldham, *Circuit Judge*, joined by Jones, Smith, Willett, Ho, and Engelhardt, *Circuit Judges*, dissenting from the denial of rehearing en banc:

I have written at length about my concerns with *Ex parte Young. See Green Valley Special Util. Dist. v. City of Schertz*, 969 F.3d 460, 494–502 (5th Cir. 2020) (en banc) (Oldham, J., concurring) (criticizing the doctrine); Hon. Andrew S. Oldham, Adam I. Steene & John W. Tienken, *The* Ex parte Young *Cause of Action: A Riddle, Wrapped in a Mystery, Inside an Enigma*, 120 Nw. L. Rev. 1697, 1701–29 (2026) (similar); *La Union del Pueblo Entero v. Nelson*, 163 F.4th 239, 275–84 (5th Cir. 2025) (Oldham, J., concurring in part and dissenting in part) (criticizing the doctrine's application).

But even *Ex parte Young*'s fiercest defenders would be surprised (and perhaps saddened) by our court's approach to the doctrine in this case. Consider two points.

First, *Ex parte Young* is supposed to be an exception—not a rule. *See Ex parte Young*, 209 U.S. 123 (1908). The rule is that States (and state officers) are generally immune from suit. *See Alden v. Maine*, 527 U.S. 706, 713 (1999) (hailing immunity from suit as a "fundamental" aspect of state sovereignty); *Franchise Tax Bd. of Cal. v. Hyatt*, 587 U.S. 230, 248 (2019) (similar). And the rule is that Congress—not the courts—creates causes of action. *Green Valley*, 969 F.3d at 494 (Oldham, J., concurring) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998)). *Ex parte Young* creates exceptions to both of these rules. *Id.* at 496–97; *see also* Oldham et al., *supra*, at 1700.

But these exceptions are supposed to be narrow. They allow the *Ex parte Young* plaintiff to sue a state officer who's using state law to violate the plaintiff's constitutional rights. *See Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 255–61 (2011) (emphasizing the plaintiff's federal statutory rights

and that the *Ex parte Young* suit in that case would vindicate plaintiff's own federal rights); *id.* at 260 ("In order to invoke the *Ex parte Young* exception to sovereign immunity, a state agency needs[, among other things,] . . . a federal right *that it possesses*." (emphasis added)). While the Supreme Court has recognized third-party standing in limited circumstances, *see, e.g.*, *Craig v. Boren*, 429 U.S. 190 (1976), the Court has never allowed third-party *Ex parte Young* actions. Rather, the *Ex parte Young* plaintiff can sue *only* to enforce his own constitutional rights. To hold otherwise is to turn the doctrine into "some freestanding federal judicial power to enjoin state laws." *La Union*, 163 F.4th at 277 (OLDHAM, J., concurring in part and dissenting in part).

Our court, by contrast, turned the *Ex parte Young exception* into the *Ex parte Young No Nexus Rule*. Here's how our No Nexus Rule works:

1.  Does the defendant state officer have "some connection" to the challenged state law?

    -   If yes, then the federal court can issue sweeping facial injunctive relief against *any* application of the law.

2.  Does it matter that the plaintiff before us has *zero* rights under federal law and *zero* connection to the challenged state law?

    -   No, the plaintiff is irrelevant to the No Nexus Rule. The plaintiff could be a rock or a potted plant. All that matters is that *the defendant* theoretically could enforce the state law against *someone*. So long as that's true, it's off to the races. And the only limit on the federal court's

injunctive power is the imagination of the federal district judge.[*]

Our No Nexus Rule is inconsistent with the judicial power. The Framers drafted Article III to deny federal judges the power to revise law. *See* Jonathan F. Mitchell, *The Writ of Erasure Fallacy*, 104 Va. L. Rev. 933, 951–63 (2018) (reviewing this history). We doubly do not have the power to revise a co-equal sovereign's law. Rather, any power we have to say anything about *any* law derives entirely from the need to adjudicate a particular plaintiff's claims regarding his particular rights in a particular case or controversy. *Cf. Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 177–79 (1803) (to resolve the case, the court must prioritize the "superior law" (the Constitution) over the inferior one (a statute)); *Ex parte Young*, 209 U.S. at 159 ("[T]he use of the name of the [S]tate to enforce an unconstitutional act *to the injury of complainants* is a proceeding without the authority of, and one which does not affect, the [S]tate in its sovereign or governmental capacity." (emphasis added)). Our No Nexus Rule is inconsistent with all of these principles.

Second, consider the impact of this error. Our No Nexus Rule inflicts irreparable damage on state sovereignty. It turns state sovereign immunity into a fig leaf. And it arrogates to federal courts generally and federal district

---

[*] No harm, you might think, because neither the rock nor the potted plant would have Article III standing. It's true that neither pseudo-plaintiff has standing. But that's only because of our en banc court. A two-judge majority opinion recently tried to extend Article III standing to a political action group that opposed Texas's immigration law—despite the fact that the plaintiff could *never* suffer any injuries under that state law or otherwise be affected by it in *any* way. *See United States v. Texas*, 144 F.4th 632, 642–54 (5th Cir.), *reh'g en banc granted*, *opinion vacated*, 150 F.4th 656 (5th Cir. 2025). *But see id.* at 695–702 (Oldham, J., dissenting). Our en banc court stopped that madness. *See generally United States v. Texas*, 173 F.4th 659 (5th Cir. 2026) (en banc) (vacating the preliminary injunction). But that only highlights our en banc court's failure to intervene here.

courts specifically superpowers that have no place in our Constitution or our constitutional Republic.

The No Nexus Rule is particularly pernicious when it comes to elections. Take for example the compelling state interest in combatting voter fraud. One would think that state capitols are "[t]he place for th[e] debate" about voting practices like "drive-through voting," mail-in ballots, voter identification laws, and more. *Hotze v. Hudspeth*, 16 F.4th 1121, 1130 (5th Cir. 2021) (OLDHAM, J., dissenting). But any time a State in our circuit passes an election-integrity or ballot-security law, dozens of advocacy organizations file lawsuits seeking to facially enjoin the statutes in their entirety—often before the law goes into effect. (In this case, the plaintiffs filed suit before the law was even enacted!) Never mind the limits on federal jurisdiction or equity. *See, e.g.*, *La Union*, 163 F.4th at 279–83 (OLDHAM, J., concurring in part and dissenting in part) (highlighting exactly that issue in the challenges to Texas's S.B.1). As a result, plaintiffs end up abusing the *Ex parte Young* cause of action to give district judges freewheeling license to rewrite state election law.

We can't be surprised by that result. Through our flawed approach to the *Ex parte Young* cause of action, we have invited it. And in so doing, we have kneecapped States' ability to prescribe election protocols and combat voter fraud. We should have taken this case en banc to repair the damage. I respectfully dissent.